UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 29 2009
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| DOUGLAS EMANUEL FOREMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 1416 |
| ) | |
| BRENT W. HUNTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff brings this civil rights action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against six detectives with the Chesapeake Police Department, two Magistrate Judges with the Chesapeake Sheriff's Office, an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, an Assistant United States Attorney, and the attorney appointed to represent him in criminal proceedings. *See* Compl. at 1-6. He alleges that the detectives arrested him and searched a residence before obtaining a valid warrant and that the detectives seized firearms belonging to a tenant of that residence. *See id.*, Pl.'s Aff. at 1-4. He further alleges that, after the "state violations were 'nolle prosequi' by the state prosecutor," the matter was "turned over to the [ATF] on violations of Federal statures [sic]" based on a warrant that had been obtained illegally. *Id.* at 5. Plaintiff asserts that the arresting officers testified falsely at trial before the United States District Court for the Eastern District of Virginia, that defense counsel rendered ineffective assistance, and that defendants generally violated plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment rights. *See id.* at 7-9; Compl.

at 6. Plaintiff is serving a term of incarceration at the Federal Correctional Complex in Petersburg, Virginia. *See id.* at 1; *see also United States v. Foreman*, 46 Fed. Appx. 215 (4th Cir. 2002) (per curiam) (affirming convictions on three counts of firearm and drug offenses, one count of possession of a firearm in furtherance of a drug trafficking crime, one count of witness tampering, and one count of assault and battery in retaliation against a witness), *cert. denied*, 537 U.S. 1135 (2003).

Plaintiff demands only one form of relief: "that a warrant be issued for the arrest of defendant(s) Hunter, Hartig, Smith, Faddis, Burns, Evans[,] Minehart, Nesbit, Nunely, Tatem, Metcalf, and Hancock." Compl. at 6. The federal courts have no authority to order arrests not sought by the government. "In our criminal justice system, the Government retains broad discretion as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (citation and internal quotation marks omitted). The power to conduct federal criminal litigation falls "within the exclusive prerogative of the Attorney General." *In re Persico*, 522 F.2d 41, 54 (2d Cir. 1977) (citation omitted); *see United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); *cf. Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966) ("[T]he question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion."). Accordingly, the Court will dismiss the complaint for failure to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

DATE: 7/27/09